IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID M. DORSETT,                 :

             Plaintiff,           :

       v.                      :       Civ. No. 14-1269-LPS

OFFICER KRAMER,            :

             Defendant.      :

David M. Dorsett, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Sarah Anne Fruehauf, City of Wilmington Law Department, Wilmington, Delaware.  Counsel for Defendant.

**MEMORANDUM OPINION**

March 10, 2016
Wilmington, Delaware

*C_____ P. /L_____*

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff David M. Dorsett ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, alleging excessive force at the time of arrest. (D.I. 1, 3) Plaintiff proceeds *pro se* and was granted leave to proceed *in forma pauperis*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court screened the action on March 13, 2015 and dismissed all claims against the Wilmington Police Department. (D.I. 8, 9) Presently before the Court is Defendant Wilmington Police Officer Kramer's ("Defendant") motion to dismiss or, in the alternative, motion for summary judgment. (D.I. 13, 14) For the reasons that follow, the Court will deny the motion to dismiss and, in the alternative, will deny the motion for summary judgment without prejudice to renew.

## II. BACKGROUND

Plaintiff alleges that on January 11, 2014, Defendant used excessive force when he tazed, pepper sprayed, and assaulted Plaintiff. Plaintiff was taken to the hospital for treatment. Defendant filed his dispositive motion and, in turn, Plaintiff asked the Court to delay process of this case until his release in February 2016. (D.I. 19) Plaintiff advises that he plans to seek counsel. Defendant opposes Plaintiff's request. (D.I. 20)

## III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir.

2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.,* 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV.   DISCUSSION

Defendant moves to dismiss the complaint and its amendment pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Defendant moves for summary judgment.

The motion to dismiss will be denied. The standard for screening a case under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) is the same as the standard used when ruling on motions to dismiss pursuant Rul 12(b)(6). The Court screened the complaint and its amendment and identified a non-frivolous excessive force claim. (*See* D.I. 8, 9) Nothing has changed since the screening of the complaint and amendment. Therefore, the Court will deny the motion to dismiss.

In the alternative, the Court will deny the motion for summary judgment as premature, without prejudice to renew. In doing so, the Court notes that last December Plaintiff anticipated he would soon to be released would seek to retain counsel upon his release.

## V.   CONCLUSION

For the above reasons, the Court will deny the motion to dismiss and, in the alternative, will deny the motion for summary judgment without prejudice to renew. (D.I. 13)

An appropriate Order follows.